UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FAITH HARVEST HELPERS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GARY CARLSON and TAMI MERRIMAN, in their personal capacities,<br><br>Defendants. | CASE NO. C13-5235 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION AND DENYING PLAINTIFF'S MOTIONS |

This matter comes before the Court on Defendants Gary Carlson and Tami Merriman's motion to dismiss (Dkt. 9), Plaintiff Dale Richardson's ("Richardson") motion to disqualify (Dkt. 10), and Richardson's motion for an extension of time (Dkt. 14). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby grants Defendants' motion and denies Richardson's motions for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On March 28, 2013, Richardson filed a civil rights complaint against Defendants alleging that Richardson and Faith Harvest Helpers are being persecuted for their religious beliefs. Dkt. 1.

1  On May 9, 2013, Defendants filed a motion to dismiss. Dkt. 9. Richardson did
2  not respond. On May 29, 2013, Defendants replied. Dkt. 13.
3  On May 14, 2013, Richardson filed a motion to disqualify Defendants' attorney.
4  Dkt. 10. On May 29, 2013, Richardson filed a motion for extension of time to file an
5  amended complaint. Dkt. 14.

## II. DISCUSSION

7  As a threshold matter, Richardson failed to respond to Defendants' motion to
8  dismiss. Under the local rules of procedure, the Court may consider a failure to respond
9  as an admission that the motion has merit. Local Rule CR 7(b)(2). In this case, the Court
10 finds that Richardson's failure to respond is an admission that Defendants' motion has
11 merit.
12 With regard to the merits, Defendants argue that any potential plaintiff, including
13 Richardson, has failed to state a claim. Dkt. 9. The Court agrees because the complaint
14 and accompanying addendum assert causes of action under federal criminal statutes.
15 None of the statutes cited in the complaint afford a private right of action. Therefore, the
16 Court grants Defendants' motion.
17 With regard to relief, the Court is unable to conclude that any amendment would
18 be futile. Although leave to amend should be given freely, *Doe v. United States*, 58 F.3d
19 494, 497 (9th Cir. 1995), a district court may dismiss without leave where a plaintiff's
20 proposed amendments would fail to cure the pleading deficiencies and amendment would
21 be futile. *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247
22 (9th Cir. 1990) (per curiam). In this case, the complaint mentions persecution for the

exercise of religious freedoms.  Although the complaint incorrectly cites federal criminal statutes, 42 U.S.C. § 1983 is the proper procedural vehicle for enforcing an individual's right to freedom of religion.  Therefore, the Court grants Plaintiffs leave to amend the complaint because it is possible that an amendment could cure the deficiencies of failing to state a claim.

With regard to Richardson's motions, the Court denies both of them.  First, Richardson has failed to show that Defendants' attorney, Ms. Carol Morris, should be disqualified for any legitimate reason.  Second, the Court has granted Plaintiffs leave to amend their complaint and the motion for an extension of time to file such a complaint is moot.

### III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 9) is **GRANTED** and Richardson's motion to disqualify (Dkt. 10) and motion for an extension of time (Dkt. 14) are **DENIED**.  Plaintiffs shall file an amended complaint no later than June 21, 2013.  Failure to timely file an amended complaint may, in the absence of good cause, result in **DISMISSAL** of this case.

Dated this 5th day of June, 2013.

BENJAMIN H. SETTLE
United States District Judge